IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN V. CLEVELAND, H60545, | ) |
| Plaintiff(s), | ) No. C 14-1369 CRB (PR) |
| v. | ) ORDER OF SERVICE |
| DR. LAM, et al., | ) (Dkt. #6) |
| Defendant(s). | ) |

       Plaintiff, a prisoner at the Correctional Training Facility in Soledad, California (CTF), has filed a pro se complaint under 42 U.S.C. § 1983 challenging his classification as a high-risk medical case subject to transfer to a medical facility. Plaintiff alleges that the high-risk medical classification is wrong and that Dr. Lam falsified documents to support it in an effort to have plaintiff transferred to another facility in retaliation for plaintiff having previously filed suit against Dr. Lam. Plaintiff also alleges that Dr. Adams and physician's assistant Pearson improperly signed off on the high-risk medical classification.

       Plaintiff seeks damages as well as injunctive relief, including an emergency temporary restraining order (TRO) or preliminary injunction precluding CTF officials from transferring him to another facility.

**DISCUSSION**

A.  <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u> § 1915A(b). Pro se pleadings must be liberally construed, however. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B.  <u>Legal Claims</u>

Prisoners have no constitutional right to a particular classification. <u>See</u> <u>Moody v. Dagget</u>, 429 U.S. 78, 88 n.9 (1976). Changes in conditions relating to classification and reclassification do not implicate the Due Process Clause. <u>See</u> <u>Hernandez v. Johnston</u>, 833 F.2d 1316, 1318 (9th Cir. 1987). Nor does misclassification inflict pain so as to be cruel and unusual punishment violative of the Eighth Amendment. <u>See</u> <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1255-56 (9th Cir. 1982).

Prisoners have no constitutional right to incarceration in a particular institution either. <u>See</u> <u>Olim v. Wakinekona</u>, 461 U.S. 238, 244-48 (1983); <u>Meachum v. Fano</u>, 427 U.S. 215, 224 (1976). A prisoner's liberty interests are

sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, or to prisons in another state, without offending the Constitution. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (citing Meachum, 427 U.S. at 225) (intrastate prison transfer does not implicate Due Process Clause), and Olim, 461 U.S. at 244-48 (interstate prison transfer does not implicate Due Process Clause)). A non-consensual transfer is not per se violative of due process, equal protection or Eighth Amendment rights, see Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); Stinson v. Nelson, 525 F.2d 728, 730 (9th Cir. 1975); Sisbarro v. Massachusetts State Penitentiary, 592 F.2d 1, 4-5 (1st Cir. 1979), and no procedural due process protections such as notice or a hearing need be afforded before a prisoner is transferred, even if the transfer is for disciplinary reasons or to a considerably less favorable institution, see Montanye v. Haymes, 427 U.S. 236, 242 (1976); Johnson, 948 F.2d at 519.

But although disciplinary transfers without procedural due process protections are generally permissible, prison officials cannot transfer a prisoner from one institution to another in order to punish the prisoner for exercising his constitutional rights. See Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). Liberally construed, plaintiff's allegations that Dr. Lam falsified documents to support plaintiff's high-risk medical classification in an effort to have plaintiff transferred to another facility "in retaliation" for plaintiff having previously filed suit against Dr. Lam appear to state a cognizable § 1983 claim for retaliatory classification/ transfer and will be ordered served on Dr. Lam.

All other claims (i.e., plaintiff's proposed due process and Eighth Amendment claims) and defendants (i.e., Dr. Adams and physician's assistant Pearson) are dismissed.

C.  Motion for Emergency TRO/Preliminary Injunction

Plaintiff's motion for an emergency TRO/preliminary injunction (dkt. #6) is DENIED for failure to satisfying the notice requirements of Federal Rule of Civil Procedure 65. Prior to granting a preliminary injunction, notice to the adverse party is required. Fed. R. Civ. P. 65(a)(1). A motion for a preliminary injunction therefore cannot be decided until the parties to the action are served, and they have not yet been served here. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983). A TRO may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (plaintiff himself in this case, as he proceeds pro se) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b). Plaintiff has not satisfied both requirements.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.   The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on Dr. Lam at CTF. Dr. Adams and physician's assistant Pearson are dismissed. The clerk also shall serve a copy of this order on plaintiff.

2.   In order to expedite the resolution of this case, the court orders as follows:

/

4

a. No later than 90 days from the date of this order, defendant shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).

If defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, he shall so inform the court prior to the date his motion is due. All papers filed with the court shall be served promptly on plaintiff.

b. Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is

properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The <u>Rand</u> notice above does not excuse defendant's obligation to serve said notice again concurrently with motions for summary judgment.  <u>Woods</u>, 684 F.3d at 935.)

    d. Defendant must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

    e. The motion shall be deemed submitted as of the date the reply is due.  No hearing will be held on the motion unless the court so orders at a later date.

   3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

   4. All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

/

/

/

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: June 2, 2014

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.14\Cleveland, I.14-1369.serve.wpd

7