IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN V. CLEVELAND, H60545, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> DR. LAM, ) <br> ) <br> Defendant(s). ) <br> ) | No. C 14-1369 CRB (PR) <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> (Dkt. #27 & 34) |

## INTRODUCTION

Plaintiff, a California state prisoner incarcerated at the Correctional Training Facility in Soledad (CTF), filed the instant pro se civil rights action under 42 U.S.C. § 1983 challenging his classification as a high-risk medical case subject to transfer to a medical facility. Plaintiff alleges that the classification is incorrect, and that Defendant Dr. Lam falsified documents to support it in an effort to have Plaintiff transferred to another facility in retaliation for Plaintiff previously having filed suit against Dr. Lam.

Per order filed on June 3, 2014, the Court found that, liberally construed, Plaintiff's allegations appear to state a cognizable § 1983 claim for retaliatory medical classification/transfer, and ordered the U.S. Marshal to serve Dr. Lam. Defendant now moves for summary judgment under Federal Rule of Civil Procedure 56 on the ground that Plaintiff failed to properly exhaust his claim before filing suit, as required by the Prison Litigation Reform Act of 1995 (PLRA). Plaintiff has filed an opposition and Defendant has filed a reply. (Plaintiff also filed an unsolicited surreply.)

|   |   |
|---|---|
| 1 | **MOTION FOR SUMMARY JUDGMENT** |
| 2 | A.    <u>Standard of Review</u> |

**MOTION FOR SUMMARY JUDGMENT**

A.    <u>Standard of Review</u>

"The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." <u>Albino v. Baca</u>, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (citing <u>Woodford v. Ngo</u>, 548 U.S. 81, 85 (2006)). To the extent that the evidence in the record permits, the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA is a motion for summary judgment under Rule 56. <u>Id.</u> at 1168. The burden is on the defendant to prove that there was an available administrative remedy that the plaintiff failed to exhaust. <u>Id.</u> at 1172. If the defendant meets that burden, the burden shifts to the prisoner to present evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. <u>Id.</u> The ultimate burden of proof remains with the defendant, however. <u>Id.</u>

If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. <u>Id.</u> at 1166. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. <u>Id.</u>

B.    <u>Analysis</u>

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court,

exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford, 548 U.S. at 93. Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." Id. at 90.

The California Department of Corrections and Rehabilitation (CDCR) provides any inmate or parolee under its jurisdiction the right to appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). To initiate an appeal, the inmate or parolee must submit a CDCR Form 602 describing the issue to be appealed to the appeals coordinator's office at the institution or parole region for receipt and processing. Id. § 3084.2(a)–(c). The appeal must name "all staff member(s) involved" and "describe their involvement in the issue." Id. § 3084.2(a)(3). CDCR's appeal process consists of three formal levels of appeals: (1) first formal level appeal filed with one of the institution's appeal coordinators, (2) second formal level appeal filed with the institution head or designee, and (3) third formal level appeal filed with the CDCR director or

designee. Id. §§ 3084.7, 3084.8.  A prisoner exhausts the appeal process when he completes the third level of review.  Id. § 3084.1(b); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010).  A "cancellation or rejection" of an appeal "does not exhaust administrative remedies."  Cal. Code Regs. tit. 15, § 3084.1(b).

Defendant properly raises nonexhaustion in a Rule 56 motion for summary judgment and argues that Plaintiff failed to properly exhaust available administrative remedies as to his retaliatory medical classification/transfer claim before filing suit, as required by § 1997e(a).  In support, Defendant submits evidence showing that Plaintiff submitted three relevant inmate appeals—CTF HC 14039982, CTF HC 14040027, CTF HC 14040206—of which one made it through the third level of review, but not until after Plaintiff filed this suit.

1. CTF HC 14039982

On January 6, 2014, Plaintiff submitted his first inmate appeal, CTF HC 14039982, alleging that he was being improperly considered for transfer to a medical facility based on his mis-classification as a high-risk medical case. Robinson Decl. (dkt. #28) ¶ 10, Ex. C.  Plaintiff requested emergency processing, but the appeal was deemed a non-emergency appeal and, on January 22, 2014, rejected on the ground that it was filed on the wrong form.  Id.  Plaintiff resubmitted the appeal on the correct form but, on January 31, 2014, the appeal was rejected on the ground that it "concern[ed] an anticipated action or decision." Id. ¶¶ 10–11, Ex. D (citing Cal. Code Regs. tit. 15, § 3084.6(b)(1)).  Plaintiff clarified that he only wished to appeal his high-risk medical classification and, on February 28, 2014, his appeal at the first level of review was granted as to his request to have a medical exam, but denied as to his request that Dr. Lam be interviewed and his appeal be granted.  Id. ¶ 11, Ex. E.  The first-level review also noted that Plaintiff's request to be removed from high-risk medical

4

classification was being addressed in CTF HC 14040027 (which Plaintiff submitted on January 14, 2014).  Id.

On March 13, 2014, Plaintiff appealed to the second level of review.  Id. Ex. E.  On April 23, 2014, Plaintiff's appeal again was granted as to his request to have a medical exam, and denied as to his request that Dr. Lam be interviewed and his appeal be granted.  Id. ¶ 11, Ex. E.  The second level review also noted that Plaintiff's request to be removed from high-risk medical classification was being addressed in CTF HC 14040027.  Id. Ex. E.

On May 8, 2014, Plaintiff appealed to the third level of review.  Id. Ex. A.  On July 11, 2014, Plaintiff's appeal— including his request to be removed from the high-risk medical classification (which he had stopped pursuing in CTF HC 14040027)—was denied based on his medical conditions, including Parkinson's syndrome.  Id. Ex. E. The third-level decision made clear that Plaintiff had now exhausted his administrative remedies.  Id.

2.   CTF HC 14040027

On January 14, 2014, Plaintiff submitted CTF HC 14040027, his second appeal regarding his high-risk medical classification.  Id. ¶ 12, Ex. F.  On February 4, 2014, Plaintiff's appeal at the first level of review was granted as to Plaintiff's request to have a doctor go over his records to determine medical risk, but denied as to his request to be removed from the high-risk classification.  Id.  The decision noted that Plaintiff properly fell into the high risk medical classification based on his Parkinson's diagnosis.  Id. Ex. F.

Plaintiff appealed to the second level of review, but on March 8, 2014, and March 11, 2014, the appeal was rejected because Plaintiff did not complete the appeal form by signing and dating it.  Id. (citing Cal. Code Regs. tit. 15, § 3084.6(b)(13)).  Plaintiff was given 30 days to correct and resubmit the appeal,

5

id., but he never did, id. ¶ 12. (Instead, it appears that at this point Plaintiff elected to proceed only with his first appeal, CTF HC 14039982.)

### 3. CTF HC 14040206

On February 20, 2014, Plaintiff submitted CTF 14040206, his third appeal regarding his high-risk medical classification. Id. ¶ 13, Ex. G. In it, he also asked for all of his medical chronos from 2005 to 2013. Id. On March 12, 2014, the appeal was rejected at the first level of review because it "lack[ed] specificity" and contained "multiple issues that do not derive from a single event." Id. Ex. G (citing Cal. Code Regs. tit. 15, § 3084.6(b)(6) & (8)). Plaintiff was given 30 days to correct and resubmit the appeal, id., but he never did, id. ¶ 13. (Again, it appears that at this point Plaintiff elected to proceed only with his first appeal, CTF HC 14039982.)

The evidence submitted by Defendant meets his burden of proving that there was an available administrative remedy that Plaintiff failed to exhaust in connection with his retaliatory medical classification/transfer claim before filing this suit on March 25, 2014. See Albino, 747 F.3d at 1172. The burden now shifts to Plaintiff to present evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. See id.

Plaintiff claims that prison officials improperly screened his first appeal, CTF 14039982, on January 31, 2014, when they rejected it at the first level of review on the ground that it concerned an anticipated action, and thereby made generally available administrative remedies effectively unavailable to him. The claim is without merit. Under the law of the circuit, improper screening of a prisoner's administrative grievances may render administrative remedies "effectively unavailable" such that exhaustion is not required under § 1997e(a).

6

Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010).  But to fall within this exception, the prisoner must show "that he attempted to exhaust his administrative remedies but was thwarted by improper screening."  Id.  Plaintiff does not.  The undisputed evidence in the record shows that the January 31, 2014 rejection of Plaintiff's first appeal did not "thwart" his ability or attempts to exhaust.  Plaintiff promptly resubmitted the appeal with an explanation that he only sought consideration of his high-risk medical classification and the appeal was accepted and decided at the first level of review.

      The March 2014 rejections of Plaintiff's second and third appeals, CTF HC 14040027 and CTF HC 14040206, did not thwart Plaintiff's ability or attempts to exhaust either.  The undisputed evidence shows that Plaintiff was afforded an opportunity to correct and resubmit both appeals, but he elected not to do so and instead proceeded only with his first appeal, CTF HC 14039982, which he exhausted all the way through the third level of review.  In that appeal, the third level of review considered Plaintiff's request to be removed from the high-risk medical classification (which Plaintiff had stopped pursuing in CTF HC 14040027) and denied it based on Plaintiff's medical conditions.  Plaintiff therefore properly exhausted available administrative remedies in connection with his retaliatory medical classification/transfer claim when CTF HC 14040027 was denied at the third level of review on July 11, 2014.

      Unfortunately for Plaintiff, he filed this suit on March 25, 2014, more than three months before he properly exhausted available administrative remedies, and it is well established that a prisoner action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (also noting that dismissal should be without prejudice to refiling after proper exhaustion).  It

7

matters not that the prisoner fully exhausts while the suit is pending.  See id.; see also Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before prisoner sends complaint to court, complaint should be dismissed, even if exhaustion is completed by time complaint is actually filed).

Plaintiff tries to get around his premature filing of this suit by arguing that under Harvey v. Jordan, 605 F.3d 681 (9th Cir. 2010), he was not obligated to appeal his first and second appeals beyond the first level of review because both appeals were partially granted at the first level of review.  In Harvey, inmate Harvey filed an appeal requesting a hearing on a disciplinary charge, access to a video recording of the incident and/or dismissal of the charge.  Id. at 683.  Prison officials partially granted his appeal, stating in writing that Harvey would receive a hearing and have access to the video.  Id.  Five months later, however, prison officials still had not held a hearing nor allowed Harvey access to the video, and Harvey filed an appeal.  Id.  The prison rejected Harvey's appeal as an untimely appeal of their earlier partial grant, and the district court dismissed Harvey's suit for failure to properly exhaust available administrative remedies through the third level of review.  Id.  Reasoning that Harvey was not required to appeal a decision that he believed had resolved his grievance, the Ninth Circuit held that "[a]n inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies." Id. at 685 (emphasis added).

Here, Plaintiff's first and second appeals were classified as "partially granted" at the first level of review because prison officials granted Plaintiff's requests for a medical examination.  Robinson Decl. Exs. E, F.  But neither the first nor the second appeal granted relief  at the first level of review that would

have satisfied Plaintiff, namely removal from the high-risk medical classification. Plaintiff's case is distinguishable from Harvey because at no point was Plaintiff led to believe that he would be removed from the high-risk medical classification and, as evidenced by his continued appeals in CTF 14039982, at no point was Plaintiff satisfied by the partial grant of his appeals at the first level of review.

In sum, Defendant is entitled to summary judgment on Plaintiff's retaliatory medical classification/transfer claim on the basis of nonexhaustion. Defendant has met his ultimate burden of proving that Plaintiff did not properly exhaust available administrative remedies in connection with the claim before filing suit, as required by the PLRA. See Albino, 747 F.3d at 1166, 1172.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (dkt. #27) for failure to properly exhaust available administrative remedies before filing suit is GRANTED. But under the law of the circuit, the action is DISMISSED without prejudice to refiling after proper exhaustion.

The clerk shall enter judgment in accordance with this order, terminate all pending motions (see, e.g., dkt. #34) as moot, and close the file.

SO ORDERED.

DATED: Feb. 12, 2015

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.14\Cleveland, I.14-1369.msj.final.wpd